*Booth* and *R. H. Bayard* for plaintiff.
*Macbeth, Read, Jr.,* and *J. A. Bayard,* for defendant.

***

## ELIZA WILSON vs. The ROCKLAND MANUFACTURING COMPANY.

A master is liable for the negligence of his servant: and a corporation is equally liable for their servant; who may be proved to be such, without showing an appointment under the corporate seal.

The law of the road requires travellers to keep sufficiently on the right side to allow a free passage to others travelling in a different direction.

The bailee of an article lent for use, is not liable to the owner for an accident which care and vigilance could not have avoided.

CASE. Narr. for negligently running against plaintiff's carriage. Plea, non cul. Issue.

This was an action on the case for an injury by one John Lytle, a servant of the Rockland Manufacturing Company, in running

against the gig of plaintiff, and grievously injuring her. It appeared in evidence that the plaintiff, being a lady in delicate health, was invited by her physician to take a ride in *his* gig for the benefit of her health. She was driven by her brother up the "Wilmington and Kennet Turnpike road," and being on the right hand side of the road, they were met by Lytle, who was in the employ of defendants, and at the time driving a one horse wagon belonging to defendants. The Wilmington and Kennet road has three tracks; the centre, which is turnpike, and a summer road on each side. Lytle was on the left hand summer road travelling at a moderate pace, and when very near to plaintiff, attempted to turn up on the turnpike; but, being too late, the carriages came into collision, plaintiff's horse ran off, tore the gig to pieces, and very seriously injured her. Plaintiff could not have turned out to the right, there being a ditch on that side of the road.

In the course of the evidence a physician described the injury done to the plaintiff by this accident, and was then asked his opinion as a medical man, of its future consequences upon her health. This was objected to.

*J. A. Bayard.*—In this action the recovery can be only for the damage that has already been sustained, and not for remote consequences.

*Gilpin.*—The question is of injury done: if that injury is incurable and to last through plaintiff's life, we have a right to prove it by the physician, and to recover damages on account of it.

*The Court* said that the plaintiff might prove the extent of the injury at the time, and if that include an injury for life, it may be given in evidence by the physician, and considered by the jury in assessing damages.

Several questions were raised in the course of the cause. 1st. As to the liability of defendants for the tortious act of their servant. 2d. As to the proof of his being their servant. 3d. The law of the road, and 4th. The extent and measure of damages.

*Gilpin*, to the jury, for plaintiff.

An individual is liable for the negligence of his servant, and there is no reason why a corporation should not be equally so. 4 *Serg. & Rawle*, 6. Servants of a corporation, like other servants, may subject their employers to answer for acts done in the course of their employment; and the action on the case is the proper remedy. 4 *Term Rep.*, 589, *Green* vs. *The New River Company;* 16 *East Rep.*, *Yarborough* vs. *The Bank of England.*

Lytle did not give half the summer road, and he was bound to give all. He was in the wrong by being on the summer road to his

left of the turnpike; and if the accident occurred by the mutual negligence of both parties, he would be liable. In other words, Wilson was not bound to turn to the right or give any part of that track to Lytle. The turnpike itself is the centre; on each side there is a track for carriages, the whole of which is for travellers keeping to the right; and if any one unlawfully takes the left road, he puts himself in the way of others, and is liable for any accident occurring even though the immediate collision should not have been wholly attributable to his negligence. 5 *Esp. Rep.* 273; 3 *Com. Law. Rep.* 283. This is so not only by the general law of the road, but by the express provisions of the Wilmington and Kennet turnpike law. 4 *Del. Laws,* 367, *Sec.* 20. " All drivers of carriages, whether of burden or pleasure, using the said road, shall keep on the right hand side of the said road, leaving the other side free and clear for other carriages to pass and repass."

*J. A. Bayard,* for defendant:

I admit the responsibility of corporations for the acts of their servants; but the point which I wish to present is, that a corporation is not liable for the torts of its servant, unless it is shown that the servant was authorized to do the act in the course of which the tort arose; and such authorization must be by the seal of the company. 16 *East Rep.* 6. *Brooke's Abridgement.*

As to the law of the road; I deny that a traveller is bound at all times at his peril to keep on the right hand side. He is entitled to travel on any part of the road, and may choose his track, provided he leaves room for others, and uses ordinary care to avoid accidents. 5 *Esp. Rep.* 44, *Clay* vs. *Wood;* 16 *Eng. Com. Law Rep.* 84. And if there be negligence or want of care on both sides, the plaintiff cannot recover. The accident must be the result entirely of the negligence of defendant. 22 *Com. Law Rep.* 208; 25 *Ibid.* 261; 24 *Ibid.* 368–9.

In an action on the case for negligent driving, the law of the road is not the criterion; or, at least, the only criterion, of deciding the culpability. An accident may happen by the fault of a person on the right side of the road running against one who, at the time, is on the wrong side, and where the latter would be the injured party. And if the jury in this case believe that this accident would not have occurred had Wilson been a skilful driver, or not guilty of any negligence, the plaintiff ought not to recover.

No damages recoverable for the gig. It did not belong to plaintiff. She has not paid for the repairs, and she is not liable to the owner for the damage, if it happened, as she contends, without any negligence on her part. The damages are to be compensatory merely, and ought to be reasonable. 25 *Com. Law Rep.* 512.

*R. H. Bayard*, in reply, was about to discuss the question whether it was necessary to show the appointment of the servant under the corporate seal, in order to charge the company for his acts; but

*The Court* stopped him, and said that a corporation was answerable for the acts of its servant, whose appointment need not be by deed or under seal. *Salk.* 191; 7 *Cranch*, 305. It is now settled, that assumpsit will lie against a corporation; and that is a much stronger case; for with prudence a man might get the seal of the corporation to their contracts with him; but in case of a tort, the party injured, not being able to prove the appointment of the servant under seal, would be without remedy.

*Mr. Bayard* resumed:

The law of this road is settled by the charter incorporating the Wilmington and Kennet Turnpike Company. 4 *Del. Laws*, 367. It requires all persons to keep on the right hand side, leaving the other side *clear* and *free* for all passengers. The same is the custom of travelling, or law of all roads in this state; you must keep to the right. And when two travellers meet on the same side of the road, one of them must necessarily be out of place, and it becomes his duty to turn out in ample time, and so as to give ample room for the other to pass; and if a collision takes place for want of such room, he whose duty it was to turn out, is liable for the consequences. The presumption of the law is, that the accident arises from his negligence. For the law will not permit him to try experiments, without making him responsible for consequences. 5 *Esp. Rep.* 273.

Damages, and the measure of damage. In all cases of torts to persons, there is no measure but the conscience of the jury, as in other torts where the measure is the pecuniary or other loss. Damages are discretionary, and ultimate consequences may be considered in estimating them. *Ld. Raymd.*, 692; 2 *Wils.* 215; *Idem.* 244.

*By the Court:*

T. CLAYTON, *Chief Justice.*—It is admitted that a master is liable for the negligence of his servant, and a corporation is equally liable for the negligence of their servant, who may be shown to be such by proof of recognition and customary employment, without showing a special appointment under seal.

The general law of the road has been correctly stated as requiring all travellers to keep sufficiently to the right to afford a safe and free passage to all others meeting them; and this rule is expressly enacted in the law which authorized the construction of the road on which this occurrence took place, which law governs this case. According to that law the defendant's servant was in an unlawful

position at the moment of meeting the plaintiff's gig; he did not "keep on the right hand side of the road," nor did he "leave the other side free and clear for other carriages to pass."

The plaintiff is not entitled to recover in this action for the damage done to the gig in which she was riding. It was lent to her by Doctor Askew, and broken without *any* negligence on her part. If a person lend an article to another, the bailee is bound to take such care of it as a "very careful and vigilant man" would exercise in regard to his own property; and if it is injured without any negligence or fault on his part, he is not legally liable to the owner. *Jones on Bailment,* 75.

Verdict for plaintiff. $150 damages.

*Gilpin* and *R. H. Bayard* for plaintiff.
*J. A. Bayard* for defendant.